### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MOSLEY,<br>    *Plaintiff*, | : <br> : <br> : | |
| v. | : <br> : | CIVIL ACTION NO. 23-CV-1665 |
| JOHN D. GREEN, *et al.*,<br>    *Defendants*. | : <br> : | |

### MEMORANDUM

**PAPPERT, J.**                                                                                                                                          August 2, 2023

      James Mosely filed a *pro se* Complaint in which he proceeds on his behalf and purportedly on behalf of other individuals who are apparently deceased. Named as Defendants are former Philadelphia Sheriff John D. Green, the City of Philadelphia, Scott Mendelsohn, Elkins Park Abstract Co. ("EPA Co."), and Mary Green. Mosley alleges that his due process rights, and possibly those of the other people he listed in the caption, were violated when a property located in Philadelphia was sold at a sheriff's sale. Mosely also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will construe the Complaint as brought in James Mosely's own name and asserting his own interests as well as an attempt to assert the rights of others. So understood, the Court will grant Mosley *in forma pauperis* status and dismiss the Complaint.

I[1]

Mosley asserts he was deprived of his procedural due process rights when a property located at 1217 N. Taney Street in Philadelphia was sold at a sheriff's sale on October 29, 2003. (Compl. at 3.) The sale apparently resulted from a tax lien case styled *City of Philadelphia v. Pierce*, No. 0208T0049 (C.P. Philadelphia). (*Id*. at 3, 7.) Mosley asserts that he was the "sole grantor of entitle[d] property" as the known descendant of Walter Pierce and Lily Mae Mosley. (*Id*. at 3.) He asserts that Walter and Lily Mae were in a common law marriage and that the property was in their names at the time it was sold. (*Id*.) He alleges that the City of Philadelphia through its Law Department, former Sheriff Green, Scott Mendelsohn, and EPA Co. "initiated a[n] illegal real estate tax lien petition process." (*Id*.) Non-defendant Matthew D. Carrafiello[2] allegedly acted negligently in connection with a tax claim decree entered on April 24, 2003 because there was no proper real estate tax lien petition. (*Id*. at 3-4.)

Mosley appears to assert that as Walter and Lily Mae's heir and successor, he was entitled to notice of the sheriff sale. (*Id*. at 4.) His failure to receive notice, he asserts, violated his due process rights and equal protection rights. (*Id*.) He seeks injunctive relief that would prevent any other heirs in his situation from being treated the way he was treated. (Compl. at 4 (requesting that "this court grant injunctive relief

---

[1] The factual allegations set forth in this Memorandum are taken from Mosley's Complaint (ECF No. 2). The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

[2] Matthew D. Carrafiello is a Judge of the Orphans Court division of the Philadelphia Court of Common Pleas. He appears to have handled the underlying tax litigation at issue in this case. (Compl. at 8.)

2

that no other heir successor be prejudiced against based upon unlawful common practice as stated in the above captioned matter").)

Attached to the Complaint are numerous deeds and other real estate transfer documents concerning 1217 N. Taney Street.  Mosley also attached a docket abstract from *City of Philadelphia v. Pierce*, showing the case was filed in 2002 to recover unpaid taxes of $486.59.  (*Id*. at 7-8.)  It shows that the court issued a rule to show cause on August 21, 2002 to all interested parties why the property should not be sold to recover the tax debt.  (*Id*. at 8.)  The rule was served by certified and regular mail but no affidavit of service was filed.  (*Id*.)  On April 24, 2003, Judge Carrafiello signed an order that the property be sold and the property was sold at a sheriff sale to Defendant Scott Mendelsohn on October 29, 2003 for the sum of $12,000.  (*Id*. at 8-9.)

The other documents Mosley attached are prior deeds to the property showing ownership by Walter Pierce in 1972 (*id*. at 16-20), then Walter Pierce and Lily Mae Mosley beginning in 1975.  (*Id*. at 11-15.)  A deed dated October 6, 1982 transferred ownership from "Mary Jenkins, executrix under the will of Walter W. Pierce also known as Walter Pierce, deceased" as grantor to "Henry W. Pierce and Mary Green, and the survivor of them James Mosley."  (*Id*. at 32.)  Ownership then purportedly transferred by a deed dated the next day, October 7, 1982 from Lily Mae Mosely as grantor to "Lily Mae Mosely and James Mosley, Joint Tenants with right of survivorship."  (*Id*. at 27-31.)  The documents from the sheriff sale to Scott Mendelsohn in 2003 record Defendant EPA Co. on the real estate transfer tax certificate, possibly because it was involved in preparing the title documents for the sale.  (*Id*. at 24.)

Mosley has also separately filed Exhibits that include a docket abstract from an action to quiet title he filed on December 22, 2021 in the Philadelphia Court of Common

Pleas styled *James Mosley v. James Lewis*, No. 211201606. (ECF No. 4 at 7-16.) The docket abstract reflects that the complaint was served on the defendant who filed preliminary objections to the complaint on February 22, 2022. (*Id*. at 10.) The preliminary objections were sustained and the case was dismissed with prejudice on April 1, 2022. (*Id*. at 11.)

The Exhibit also includes a docket abstract from an action to quite title filed on March 31, 2023 in the same court styled *Mosley v. Green, et al.*, No. 230303478. (*Id*. at 13-16.) Scott Mendelsohn and former Sheriff John D. Green appear to be named defendants in that case. (*Id*. at 15, 16.) In an order entered April 1, 2023, Mosley's motion to proceed *in forma pauperis* was denied because he sought to proceed in the case on behalf of an estate and the estate was not represented by counsel.[3] (*Id*. at 16.) The case was dismissed on May 18, 2023 when Mosley failed to pay the filing fee.[4] (*Id*.)

---

[3] The Court of Common Pleas Judge's decision denying Mosley leave to proceed *in forma pauperis* because he attempted to represent an estate *pro se* is the subject of a different lawsuit Mosley filed in this Court asserting that the decision violated his constitutional rights. *See Mosley v. City of Philadelphia*, Civ. A. No. 23-2248 (E.D. Pa.).

[4] In his cover letter with the Exhibits, Mosely alleges that he was "denied the absolute right [to ownership of 1217 N. Taney Street] due to discrimination," and the denial of *in forma pauperis* status violated his "absolute civil rights to proceed in the Court of Common Pleas." (ECF No. 4 at 3, 4.) Those allegations are not contained in his Complaint.
The Federal Rules of Civil Procedure do not contemplate piecemeal pleadings or the amalgamation of pleadings, even in the context of a *pro se* litigant. *See Bryant v. Raddad*, No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, 'presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims.'") (quoting *Uribe v. Taylor*, No. 10-2615, 2011 WL 1670233, at *1 (E.D. Cal. May 2, 2011)); *Brooks-Ngwenya v. Bart Peterson's the Mind Tr.*, No. 16-193, 2017 WL 65310, at *1 (N.D. Ind. Jan. 6, 2017) ("Piecemeal pleadings cause confusion and unnecessarily complicate interpretation of a movant's allegations and intent[] . . . ."). These allegations are not part of the case.

II

The Court grants Mosley leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Mosley is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

III

Mosley asserts procedural due process and equal protection claims against the Defendants, apparently in his own name and as representing the interests of others. The vehicle by which constitutional claims may be pursued in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the

5

alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

A

In the caption of his Complaint, Mosley lists himself as proceeding in the interests of other individuals who are apparently deceased, namely Walter Pierce, Lily Mae Mosely, and Mary Jenkins. Because Mosley may not proceed *pro se* and represent the interests of others, the purported claims of Walter Pierce, Lily Mae Mosely, and Mary Jenkins must be dismissed without prejudice.

Under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel" in the federal courts. Section 1654 thus ensures that a person may conduct his or her own case *pro se* or retain counsel to do so. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) )). Although an individual may represent himself *pro se*, a non-attorney may not represent other parties in federal court. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). This principle has been applied by the Supreme Court, the United States Court of Appeals for the Third Circuit, and other courts in various contexts. *See, e.g., Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) (recognizing that corporations must be represented by counsel and that "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships or

6

associations to appear in federal court otherwise through a licensed attorney" (footnote omitted) ); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 667 (9th Cir. 2008) (holding that a non-lawyer could not litigate pro se on behalf of an ERISA plan); *Osei-Afriyie*, 937 F.2d at 882 ("We hold that Osei-Afriyie, a non-lawyer appearing *pro se*, was not entitled to play the role of attorney for his children in federal court."); *Phillips v. Tobin*, 548 F.2d 408, 411-12 (2d Cir. 1976) (holding that a non-attorney could not appear *pro se* to conduct a shareholder's derivative suit).

One such context is the representation of the estate of a decedent where the non-attorney is a non-beneficiary administrator of the intestate estate or there are other beneficiaries of the estate in addition to the administrator. *Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 171 (3d Cir. 2018) ("We turn to whether a non-attorney, non-beneficiary administrator like Murray conducts her "own case" when representing an estate in federal court. 28 U.S.C. § 1654. The answer is no."). As reasoned by the United States Court of Appeals for the Third Circuit in *Murray*, "[i]f an estate has one or more beneficiaries besides the administrator, then the case is not the administrator's own because the interests of other parties are directly at stake. The interests of other parties, such as beneficiaries, may not be represented by a non-attorney administrator of an estate." *Id*. Where an estate has creditors, it too may not be "the administrator's own" case because those creditors may have an interest in the assets of the estate. *See id.*, at 171 n.2 (citing *Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 211 (5th Cir. 2016); *Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 952 (8th Cir. 2005); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997)).

Mosley does not allege he has been named an administrator of the estates of Walter Pierce, Lily Mae Mosely, and Mary Jenkins. There is also no suggestion that

7

these people had wills in which Mosley was named as their executors. Finally, there is no allegation that Mosely was the sole heir of any of these individuals. For these reasons, Mosley's claims brought as a representative of the interests of Walter Pierce, Lily Mae Mosely, and Mary Jenkins are dismissed without prejudice because he may not represent them *pro se* in federal court.

B

The Court also understands Mosley to be asserting his own due process and equal protection claims against the named Defendants arising from the tax lien case and the sheriff's sale of 1217 N. Taney Street.

1

Mosley's constitutional claims against Scott Mendelsohn, EPA Co. and Mary Green are not plausible because they are not "state actors" as that term is used in § 1983. Mendelsohn was the purchaser of the property at the 2003 sheriff sale. (Compl. at 9.) EPA Co. appears to have been involved in researching the title on the property and preparing paperwork for the sale. The only mention of Mary Green refers to her as one of the purchasers listed in the October 6, 1982 deed that transferred ownership of the property from the estate of Walter Pierce. (*Id*. at 32.)

Mendelsohn's purchase of a property at a sheriff sale, and EPA Co.'s title work for the sale does not convert these private parties into "state actors."[5] *See Mu'min v. Morse*, No. 19-0718, 2019 WL 1514557, at *2 (E.D. Pa. Apr. 5, 2019) (holding that purchasing a property at a sheriff sale or representing such a purchaser does not render

---

[5] To the extent Mosley alleges that Mendelsohn and EPA Co. conspired with the City of Philadelphia Law Department and former Sheriff Green to initiate an illegal real estate tax lien petition process, that claim is conclusory, undeveloped, and also fails to state a plausible claim.

an individual a "state actor") (citing *Apao v. Bank of New York*, 324 F.3d 1091, 1095 (9th Cir. 2003); *Harper v. Fed. Land Bank of Spokane*, 878 F.2d 1172, 1178 (9th Cir. 1989) ("[T]he fact that a state permits the use of foreclosure procedures and subsequent sheriff sales as the execution of a judgment is not sufficient to constitute state action")); *see also Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (stating that to find state action there must be "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself"). Mary Green's presence in the chain of title as a previous private purchaser of the property also cannot constitute state action. Accordingly, any due process or equal protection claim against them is not plausible and is dismissed with prejudice.

2

Former Sheriff Green is a state actor who may be liable under § 1983. However the claim against him still fails. Green allegedly conducted the sheriff sale at which the property was sold to Mendelsohn in 2003. The exhibits Mosley attached to the Complaint establish that Green acted pursuant to the order signed by Judge Carrafiello when he sold the property at the sheriff sale to Mendelsohn for the sum of $12,000. (Compl. at 8-9.)

Because the sale of the property was ordered by Judge Carrafiello, Sheriff Green is entitled to quasi-judicial immunity on Mosley's civil rights claims. *See Barel v. Off. of Clerk of Superior Ct. of New Jersey*, 834 F. App'x 763, 765 (3d Cir. 2020) (*per curiam*) (holding that a sheriff executing a court order enjoys quasi-judicial immunity (citing *Russell v. Richardson*, 905 F.3d 239, 250 (3d Cir. 2018) (quasi-judicial immunity covers acts authorized by court order)); *Roland v. Phillips*, 19 F.3d 552, 556 (11th Cir. 1994) (quasi-judicial immunity protects law enforcement officials executing facially valid

9

court orders)). Even if the order was unlawful, as Mosley contends because the court's rule to show cause was not properly served, Green was entitled to rely on the ensuing facially valid state court judgment.

3

Mosley's due process claim against the City of Philadelphia appears to involve its filing of the tax lien case, *City of Philadelphia v. Pierce*, in 2002 to recover unpaid taxes that resulted in the sheriff's sale of 1217 N. Taney Street. While entirely unclear, Mosley may be asserting that the docket abstract from the case, which shows that the rule to show cause order was served by certified and regular mail but no affidavit of service was thereafter filed, indicates that Mosley did not receive adequate notice and an opportunity to be heard before the sale took place. The Court is constrained to conclude that this claim, as well as Mosley's conclusory claim of an equal protection violation arising from the same incident are time barred.

The events surrounding the tax lien case and sheriff sale took place in the 2002 to 2003 time period. Mosley filed his case in this Court on April 28, 2023, some twenty years after he allegedly did not receive notice of the sheriff sale. "A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The Pennsylvania statute of limitations for a personal injury action is two years. *Id.* at 634 (citing 42 Pa. Cons. Stat. § 5524(2)). Thus, limitations period applicable to Mosley's § 1983 claim is two years.

Mosley's claim against the City is facially time barred because it was brought beyond the two-year period. In Pennsylvania, however, the discovery rule may operate to delay the running of the statute of limitations in certain circumstances. *Nicolaou v. Martin*, 195 A.3d 880, 892 (Pa. 2018) ("the discovery rule tolls the statute of limitations where the plaintiff is reasonably unaware that he has been injured and that his injury has been caused by another party's conduct") (citing *Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005)). "As the discovery rule has developed, the salient point giving rise to its application is the inability of the injured, despite the exercise of reasonable diligence, to know that he is injured and by what cause." *Fine*, at 859. "The reasonable diligence standard is objective, as the question is not what the plaintiff actually knew of the injury or its cause, but what he might have known by exercising the diligence required by law." *Nicolaou*, 195 A.3d at 893. (citations omitted). However, "the objective reasonable diligence standard is 'sufficiently flexible . . . to take into account the differences between persons and their capacity to meet certain situations and the circumstances confronting them at the time in question.'" *Id.* (quoting *Fine*, 870 A.2d at 858). Whether or not Pennsylvania's discovery rule applies in a given case is a question of fact. *Id.* at 894; *Gleason v. Borough of Moosic*, 15 A.3d 479, 485 (Pa. 2011). As such, it is properly a question for the jury unless no reasonable juror could find otherwise. *Fine*, 870 A.2d at 858-59.

No reasonable juror could conclude that Mosley's delay of twenty years in challenging the sheriff sale was objectively reasonable. Any property owner exercising the diligence required by law would discover on a reasonably timely basis that another had received title to the property they claimed to own. The absence of any property tax bills or assessments during that twenty year period is the most obvious indication that

11

the City of Philadelphia no longer considered Mosley to be the owner of the property. Accordingly, Mosley's § 1983 claims against the City are dismissed as untimely.[6]

## IV

Any claim Mosley attempts to assert *pro se* in this case on behalf of others is dismissed without prejudice. All of Mosley's own claims against former Philadelphia Sheriff John D. Green, the City of Philadelphia, Scott Mendelsohn, Elkins Park Abstract Co., and Mary Green are dismissed with prejudice. An appropriate Order will be entered separately.

**BY THE COURT:**

***/s/ Gerald J. Pappert***
**GERALD J. PAPPERT, J.**

---

[6] The statute of limitations bar further shows why Mosley's own claims against the other Defendants are not plausible either.